IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:08CR3058 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| AURELIO VALDOVINOS SANCHEZ, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 15th day of June, 2009, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, V and VI of said Indictment. Count I charges the Defendants with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. Counts V and VI of said Indictment sought the forfeiture, pursuant to 21 U.S.C., § 853, of a 2003 Hummer H2, VIN 5GRGN23U23H144180, and $62,510.00 in United States currency on the basis they were used or were intended to be used to facilitate said controlled substance violation and/or were derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation.

2. By virtue of said pleas of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853.

3.  The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B.  Based upon Counts V and VI of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the 2003 Hummer H2, VIN 5GRGN23U23H144180, and $62,510.00 in United States currency.

C.  The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D.  The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the

Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

      G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

      H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

      ORDERED this 15th day of June, 2009

      BY THE COURT:

      s/ *RICHARD G. KOPF*, JUDGE
      United States District Court